IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Raul Martinez Lopez, | Case No. 4:07 CV 3596 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Joseph Gunja, | |
| Respondent. | |

On November 20, 2007, *pro se* Petitioner Raul Lopez filed this habeas corpus Petition pursuant to 28 U.S.C. § 2241 against Joseph Gunja, the Warden at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"). Lopez is presently serving a 77-month prison term at F.C.I. Elkton. He seeks an order awarding him pre-sentence custody credit toward his current sentence.

### BACKGROUND

Lopez was arrested in the State of Utah on January 14, 2003 by officers with the Department of Homeland Security. A criminal background check revealed outstanding warrants and a parole violation from California. He was sentenced on January 21, 2003 in the Springville, Utah Justice Court to 45 days in jail for a failure to appear warrant. Three months later, the Fourth District Court of Utah sentenced Lopez to 71 days in jail for possession of a dangerous weapon. He was granted credit for time served and released to California authorities.

On April 1, 2003, Lopez's parole term for a California offense was revoked. He was temporarily released to the United States Marshals via writ of habeas corpus *ad prosequendum* on July 31, 2003 to appear in federal court on charges of illegal reentry. In the interim, he was released on

parole by the State of California on January 14, 2004. Eight days later, on January 22, Lopez was sentenced in the United States District for the District of Utah to a term of 77 months in prison.

Lopez argues he is entitled to credit on his federal sentence from January 14, 2003 (date of his arrest) until he was sentenced in federal court on January 22, 2004. He asserts that this initial arrest by Homeland Security placed him in federal custody. Relying on the statutory provision for sentencing credit, Lopez argues he was in official federal detention until his federal sentence was imposed. He further alleges he has fully exhausted his administrative remedies.

## 28 U.S.C. §2241
### EXECUTION OF SENTENCE

Claims seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998). Here, the Court clearly has personal jurisdiction over the petitioner's custodian, Warden Gunja.

With regard to the substance of Petitioner's challenge, federal regulations have afforded prisoners administrative review of the computation of their credits. *See* 28 C.F.R. §§ 542.10-542.16; *United States v. Wilson*, 503 U.S. 329, 335 (1992). Prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies. *Id.* A challenge to the execution of a sentence is properly raised in a § 2241 petition, and here Lopez has fully exhausted his administrative remedies. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam) (federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus relief). Therefore, the matter is now properly before this Court.

**SENTENCING CREDIT**

The date on which a defendant's sentence commences, and the credit he is to be given for time he has spent in custody, are governed by 18 U.S.C. § 3585, which provides:

(a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
 (1) as a result of the offense for which the sentence was imposed; or
 (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

Although Lopez claims he was in "official federal detention" from the date of his arrest until the sentencing date, he disregards that (1) he was not in custody solely for the purpose of awaiting federal charges, and (2) he is not entitled to receive pre-sentence credit on more than one prison sentence.

Lopez is aware that authorities were immediately alerted to the fact that state warrants were outstanding for his arrest when he was picked up on January 14, 2003. In the Administrative Appeal, the Bureau of Prisons advised Lopez that he was given credit for time served from January to April 2003 on the 45 day sentence imposed by the State of Utah. Moreover, he also received credit for time served on the 71 day sentence imposed by the State of Utah on March 28, 2003. Once Utah released Lopez to California in March 2003, his California sentence for violating his parole continued in effect until he was paroled January 14, 2004.

The facts are clear that, from January 2003 until January 2004, Lopez was serving his state sentences for a failure to appear, or for revocation of his parole. He would not have been released from custody "but for" the federal charges against him. Until he was sentenced in federal court on

January 22, 2004, Lopez was obligated to fulfill concurrent state sentences. Additional federal credit is prohibited by the specific language of 18 U.S.C. § 3585(b) ("A defendant shall be given credit . . . for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence"). See also *Myles v. United States*, No. 98-6097, 1999 WL 644149, at *2 (6th Cir. Aug. 16, 1999) (prisoner cannot receive federal sentencing credit for time spent in state custody because time in state custody had been credited to state sentence).

A federal sentence does not begin to run when a defendant is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner. Therefore, when an accused is transferred pursuant to a writ of habeas corpus *ad prosequendum*, he is considered to be "on loan" to the federal authorities. The sending state's jurisdiction over the accused continues uninterrupted. *Crawford v. Jackson*, 589 F.2d 693, 695 (D.C. Cir. 1978), *cert. denied*, 441 U.S. 934 (1979). The fact that Lopez was transferred from state prison to federal court did not transform his custody status and he is only entitled to credit for the time he was in exclusive federal custody which, here, is none. *See McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993).

## CONCLUSION

Based on the foregoing, the Petition is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Federal Appellate Rule 22(b).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 27, 2008

4